## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.

STEVE LAPSES,

    Plaintiff,

v.

INTERBOND CORPORATION OF AMERICA,
INC., d/b/a BRANDSMART U.S.A.,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Interbond Corporation of America, Inc. d/b/a Brandsmart U.S.A. ("Defendant")[1], pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 gives notice that it is removing the action styled *Steve Lapses v. Interbond Corporation of America, Inc. d/b/a BrandsMart U.S.A.*, Case No. 2022-002541-CA-01 currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida. Removal is appropriate because there is federal question and supplemental jurisdiction.

## THE STATE COURT ACTION

1.    On or about February 11, 2022, Plaintiff, Steve Lapses ("Plaintiff"), commenced a civil action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida as Case No. 2019-034535-CA-01 (the "State Court Action"). *See* State Court filings attached as **Composite Exhibit "1."**

---

[1] As a result of a recent sale, the successor company and proper defendant is now Interbond of America, LLC, a Georgia limited liability company.

2. On April 5, 2022, Defendant filed its Answer and Affirmative Defenses to the Complaint in the State Court Action. *Id*.

## GROUNDS FOR REMOVAL

**Federal Question Jurisdiction**

3. As set forth more fully in Plaintiff's complaint, Plaintiff raises claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* ("ADA"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), the Florida Civil Rights Act of 1992, Fla. Stat. Chapter 760, *et seq*. ("FCRA"), and the Florida Whistleblower's Act, Fla. Stat. § 448.102 ("FWA").

4. Removal is proper pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction over the ADA and ADEA claims pursuant to 28 U.S.C. § 1331.

**Supplemental Jurisdiction**

5. Removal of the state claims (Counts I- III) is proper, in addition to the federal claims (Counts IV – VII), based on this Court's power to exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

6. "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (indicating that the case

or controversy standard provides supplemental jurisdiction over state claims that arise out of a common nucleus of operative fact with a substantial federal claim).

7. Plaintiff's FCRA and FWA claims largely mirror his federal claims, all of which arise out of a common nucleus of operative facts related to Plaintiff's alleged termination from employment with Defendant.

## OTHER PROCEDURAL REQUIREMENTS

8. Venue for the purposes of removal is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of Miami-Dade County, Florida is within the Southern District of Florida, as is the location of Plaintiff's employment.

9. This notice of removal is filed within the thirty-day period set forth in 28 U.S.C. § 1446(b). Defendant was served with the State Court Action on March 16, 2022.

10. Defendant has attached as Exhibit 1 all process, pleadings, and orders served on it in the state court action, as required by 28 U.S.C. § 1446(a).

11. Written notice of the filing of this notice of removal will be promptly served upon the Plaintiff, and a true copy of this notice of removal and the accompanying documents will be filed with the Clerk of the state court, as required by 28 U.S.C. § 1446(d). A copy of the Notice to State Court of Removal, without attachments, is attached as **Exhibit "2."**

WHEREFORE, Defendant, INTERBOND CORPORATION OF AMERICA, INC. d/b/a BRANDSMART U.S.A, respectfully requests that (i) the action styled *Steve Lapses v. Interbond Corporation of America, Inc. d/b/a BrandsMart U.S.A.*, Case No. 2022-002541-CA-01, currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida be removed to this Court, (ii) that this Court accept jurisdiction of this action, and place this action upon the docket of this Court for further proceedings, as if the action originally had

been instituted in this Court, and (iii) grant such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
| DATED: April 13, 2022. | Respectfully submitted,<br><br>By:/s/ *Steven M. Dickstein*<br>Steven M. Dickstein<br>Florida Bar No. 1010439<br>E-Mail: Steven.Dickstein@saul.com<br>**SAUL EWING ARNSTEIN & LEHR LLP**<br>200 South Biscayne Blvd., Suite 3600<br>Miami, FL 33131<br>Telephone: (305) 428-7612<br><br>*Attorneys for the Defendant* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via the Southern District's CM/ECF Filing System to the following on counsel for Plaintiff identified on the below Service List.

*/s/ Steven M. Dickstein*
Steven M. Dickstein
Florida Bar No. 1010439
SAUL EWING ARNSTEIN & LEHR LLP
701 Brickell Avenue, 17th Floor
Miami, Florida 33131
telephone: (305) 428-4500
email: steven.dickstein@saul.com

## SERVICE LIST

Anthony M. Georges-Pierre, Esq.
agp@rgpattorneys.com
Max L. Horowitz, Esq.
mhorowitz@rgpattorneys.com
Jorge L. Costa, Esq.
jcosta@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130