

# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

**Contact Us**   **My Account**   

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

---

◀◀ BACK

### STEVE LASPES VS INTERBOND CORPORATION OF AMERICA

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2022-002541-CA-01 | **Filing Date:** | 02/09/2022 |
| **State Case Number:** | 132022CA002541000001 | **Judicial Section:** | CA05 |
| **Consolidated Case No.:** | N/A | **Case Type:** | Discrimination - Employment or Other |
| **Case Status:** | OPEN | | |

**👥 Parties**   Total Of Parties: 3 ➕

**🔧 Hearing Details**   Total Of Hearings: 0 ➕

**🔊 Dockets**   Total Of Dockets: 8 ➖

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 7 | 04/05/2022 | | Answer and Affirmative Defense | Event | |
| | 6 | 02/15/2022 | | Receipt: | Event | RECEIPT#:2980119 AMT PAID:$10.00 NAME:ANTHONY M GEORGES-PIERRE 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$10.00 RECEIPT DATE:02/15/2022 REGISTER#:298 CASHIER:EFILINGUSER |
| | | 02/14/2022 | | 20 Day Summons Issued | Service | |
| 📄 | 5 | 02/14/2022 | | ESummons 20 Day Issued | Event | **RE: INDEX # 4.** Parties: INTERBOND CORPORATION OF AMERICA |
| 📄 | 4 | 02/11/2022 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 3 | 02/11/2022 | | Receipt: | Event | RECEIPT#:3000150 AMT PAID:$401.00 NAME:ANTHONY M GEORGES-PIERRE 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:02/11/2022 REGISTER#:300 CASHIER:EFILINGUSER |
| 📄 | 2 | 02/09/2022 | | Complaint | Event | |
| | | | | Composite Exhibit "1" | | |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
|  | 1 | 02/09/2022 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval systems, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



## HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2022 Clerk of the Courts. All rights reserved.





**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

      **I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>STEVE LASPES</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>INTERBOND CORPORATION OF AMERICA</u>
Defendant

      **II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

      **III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   7

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.
    N/A

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Anthony M Georges-Pierre      Fla. Bar # 533637
      Attorney or party          (Bar # if attorney)

Anthony M Georges-Pierre          02/09/2022
 (type or print name)           Date

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

STEVE LASPES,                                    CASE NO.: _____

      Plaintiff,

v.

INTERBOND CORPORATION OF AMERICA
d/b/A BRANDSMART U.S.A.,

      Defendant.

_____/

## COMPLAINT

COMES NOW, The Plaintiff, STEVE LASPES, ("Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, hereby files this Complaint against Defendant, INTERBOND COPORATION OF AMERICA d/b/a BRANDSMART U.S.A. (hereinafter "Defendant" or "Brandsmart") and in support states as follows:

## GENERAL ALLEGATIONS

1.  This is an action by the Plaintiff for damages exceeding $30,000.00 excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA") to redress injuries resulting from Defendant's unlawful, discriminatory treatment of Plaintiff; and for Defendant's unlawful, retaliatory discharge of Plaintiff in violation of Florida's private sector Whistleblower's Act, Fla. Stat. § 448.101 ("FWA"); and the American with Disabilities Act of 1990 42 U.S.C.S. § 12112, *et seq.*("ADA").

1

2.   Defendant INTERBOND CORPORATION OF AMERICA d/b/a BRANDSMART U.S.A., is authorized to conduct business in Miami-Dade County, Florida, and at all times material hereto was and is engaged in interstate commerce.

3.   At all relevant times Defendant INTERBOND CORPORATION OF AMERICA d/b/a BRANDSMART U.S.A. was at all relevant times and is an employer within the meaning of state and federal employment law in that it employed 15 or more employees for at least twenty calendar weeks in the current year or the previous year.

4.   The violations complained of herein occurred in Miami-Dade County, Florida and as such, venue is proper in this Court.

5.   Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR") for age and disability discrimination and retaliation.

6.   All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.   Plaintiff is a white, American male.

8.   Plaintiff started working for Defendant in the Sales Department in 2010.

9.   Plaintiff worked as a Sales Representative in the Defendant's retail location closely interacting with customers interested in purchasing Defendant's wares.

10. Prior to his termination, Plaintiff was discriminated on basis of his age as one of his managers, Fasto, frequently asked him why he had not yet retired.

11. In addition, due to his age, the Plaintiff has lost some of his teeth. As a result of this, he would chew gum to hide this fact from the customers. His manager, Ed Aronowitz, with full

2

knowledge of this fact and the cause, forced Plaintiff to stop chewing gum in an attempt to humiliate and embarrass him.  In fact, Aronowitz went so far as to publicly berate the Plaintiff and tell him to spit out his gum in front of customers and colleagues.

12. As a result of Plaintiff's age, he has a heightened susceptibility to infections, and therefore is more vulnerable to epidemics such as the Covid-19 Pandemic.

13. During the Covid-19 Pandemic, the staff at BrandsMart were required to wear masks to comply with safety standards and protect against transmission of the virus.

14. The Defendant employer only issued N-95 surgical masks to managers.  All employees below the level of manager were only issued with cloth masks.

15. During the last week of April, 2020, the Plaintiff sought to speak with his manager, Ed Aronowitz, about the safety hazard of wearing the cheaper masks.  Aronowitz berated the Plaintiff, told him to get out of his office, and showed willful and wanton disregard for the safety of the employees he was responsible for.

16. On May 2, 2020, the staff had a routine meeting to discuss sales.  During this meeting, the Plaintiff publicly voice his concern regarding the level of safety the cloth masks represented.  The Plaintiff also requested that the Defendant employer put out hand sanitizer samples to ensure a safe and healthy environment.

17. Defendants failed to take any corrective action regarding these issues, nor was Plaintiff given any managerial authority or discretion to address the issues.

18. After voicing his concern for the safety of himself and his fellow colleagues, the Plaintiff was forced to go home by the Defendant employer.

19. When the Plaintiff got to work the next day he was berated by Aronowitz again, who stated "you embarrassed me, that meeting was not about safety".  Aronowitz proceeded to advise the Plaintiff that he was terminated and also needed to write a letter of apology to Mr. Aronowitz.

20. At all times material hereto, Plaintiff was disabled under the definition of the ADA as numerous major life activities were detrimentally affected as a result of his disability.

<u>**COUNT I**</u>
***Age Discrimination in Violation of the FCRA against INTERBOND CORPORATION OF AMERICA d/b/A BRANDSMART U.S.A., INC.***

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. Plaintiff is a member of a protected class under the FCRA.

23. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

24. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is older.

25. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

26. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

27. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

4

28. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

29. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

30. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

31. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT II</u>
***Retaliation in Violation of the FCRA against INTERBOND CORPORATION OF AMERICA d/b/A BRANDSMART U.S.A., INC.***

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

33. By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under the FCRA.

34. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of age was unlawful but acted in reckless disregard of the law.

35. As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, have been exposed to ridicule and embarrassment, and they have suffered emotional distress and damage.

36. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiffs, deprived Plaintiffs of statutory rights under federal law.

37. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

38. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT III</u>
### *Retaliation under the FWA against INTERBOND CORPORATION OF AMERICA d/b/A BRANDSMART U.S.A., INC.*

39. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

40. At all times material hereto, Defendant failed to comply with the FWA, which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee

7

because the employee has: … (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

41. At all relevant times aforementioned, including at the time of Plaintiff's termination, Defendant, was aware of Plaintiff's rights as an employee, under Florida Laws and Regulations.

42. At the time of termination, Plaintiff was qualified for and able to adequately perform the essential job functions as required by Defendant.

43. Defendant's termination of Plaintiff's employment was directly and proximately caused by the Defendant's unjustified retaliation for Plaintiff's objections to illegal activities.

44. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, physical injury, as well as mental pain and suffering.

45. Any allegedly justified reason for Plaintiff's termination asserted by Defendant is a mere pretext for the actual reason for termination—Plaintiff's objections to the aforementioned illegal activity.

46. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FWA which protects a person from retaliation for opposing illegal conduct.

47. The aforementioned actions of Defendants were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

    A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the FWA.

    B. Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position.

8

    C. Reinstate full fringe benefits and seniority rights to Plaintiff.

    D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to objections to illegal activity.

    E. Award any other compensation allowed by law including attorney's fees pursuant to Fla. Stat. § 448.104.

<u>**COUNT IV**</u>
***DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA***
***against INTERBOND CORPORATION OF AMERICA d/b/A BRANDSMART U.S.A., INC.***

48. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

49. Plaintiff is a member of a protected class under the ADA.

50. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of their knowledge of the disability that arose out of Plaintiff's work injury, yet they still subjected Plaintiff to disability-based discrimination and animosity.

51. Such discrimination was based on the Defendant's knowledge of Plaintiff's disability that limited him from engaging in several major life activities including, but not limited to, walking, sitting, and working.

52. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

53. At all time material hereto, the employees exhibiting discriminatory conduct towards plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

54. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

55. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

56. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

57. The actions of the Defendant and/or its agents were willful, wanton, intentional, and with malic or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

58. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully requests that this court order the following:

F. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard to the Plaintiff's rights;

G. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amount to be proved at trial for the unlawful employment practices described herein.

H. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

I. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not ben discriminated against by Defendant, or in lieu of reinstatement, award front pay;

J. Award Plaintiff the costs of this action, together with a reasonable attorney's fee; and

K. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT V
### *RETALIATION IN VIOLATION OF THE ADA against INTERBOND CORPORATION OF AMERICA d/b/A BRANDSMART U.S.A., INC.*

59.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

60.  Plaintiff is a member of a protected class under the ADA.

61.  By the conduct described above, Defendant retaliated against plaintiff for exercising rights under the ADA.

62.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of an ADA associated disability was unlawful but acted in reckless disregard of the law.

63. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has experienced emotional distress and damage.

64. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

65. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

C. Require Defendant to reinstate Plaintiff back in their position at the rate of pay and with full benefits they would have had had they not been discriminated against, or in lieu of reinstatement, award front pay; and

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT VI**</u>
***AGE DISCRIMINATION IN VIOLATION OF THE ADEA***
***against INTERBOND CORPORATION OF AMERICA d/b/A BRANDSMART U.S.A., INC.***

66.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

67.  Plaintiff is a member of a protected class under the ADEA.

68.  By the conduct described above, Defendant retaliated against plaintiff for exercising rights under the ADEA.

69.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of an ADEA associated age group was unlawful but acted in reckless disregard of the law.

70.  As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has experienced emotional distress and damage.

71.  The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

72.  The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in

the future. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the ADEA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

G. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

H. Require Defendant to reinstate Plaintiff back in their position at the rate of pay and with full benefits they would have had had they not been discriminated against, or in lieu of reinstatement, award front pay; and

I. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

J. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT VII**</u>
***RETALIATION IN VIOLATION OF THE ADEA against INTERBOND CORPORATION
OF AMERICA d/b/A BRANDSMART U.S.A., INC.***

73. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

74. Plaintiff is a member of a protected class under the ADEA.

75. By the conduct described above, Defendant retaliated against plaintiff for exercising rights under the ADEA.

14

76. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of an ADEA associated disability was unlawful but acted in reckless disregard of the law.

77. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has experienced emotional distress and damage.

78. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and federal law.

79. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

K. Adjudge and decree that Defendant has violated the ADEA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

L. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

M. Require Defendant to reinstate Plaintiff back in their position at the rate of pay and with

15

full benefits they would have had had they not been discriminated against, or in lieu of

reinstatement, award front pay; and

N.  Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

O.  Grant Plaintiffs such additional relief as the Court deems just and proper under the

circumstances.

## JURY DEMAND

80.     Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: February 9, 2022                      Respectfully submitted,

                                             /s/     Jorge L. Costa
                                             **Anthony M. Georges-Pierre, Esq.**
                                             Florida Bar No.: 0533637
                                             **Max L. Horowitz, Esq.**
                                             Florida Bar No.: 118269
                                             **Jorge L. Costa, Esq.**
                                             Florida Bar No.: 1031513
                                             **REMER & GEORGES-PIERRE, PLLC**
                                             44 West Flagler Street, Suite 2200
                                             Miami, FL 33130
                                             (305) 416-5000- Telephone
                                             (305) 416-5005- Facsimile
                                             Email: agp@rgpattorneys.com
                                                     mhorowitz@rgpattorneys.com
                                                     jcosta@rgpattorneys.com

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

STEVE LASPES,                                    CASE NO.: 2022-002541-CA-01

      Plaintiff,

v.

INTERBOND CORPORATION OF AMERICA
d/b/A BRANDSMART U.S.A., INC.

      Defendants.

_____/

### SUMMONS IN A CIVIL CASE

**TO:**            INTERBOND CORPORATION OF AMERICA d/b/a
                     BRANDSMART U.S.A., Inc. through its Registered Agent:

                     TAMATHA, ALVAREZ
                     1655 N. Commerce Parkway
                     Suite 102
                     Weston, FL 33326

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                     ANTHONY M. GEORGES-PIERRE
                     REMER & GEORGES-PIERRE, PLLC
                     44 WEST FLAGLER STREET
                     SUITE 2200
                     MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                                 DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

STEVE LASPES,                                    CASE NO.: 2022-002541-CA-01

     Plaintiff,

v.

INTERBOND CORPORATION OF AMERICA
d/b/A BRANDSMART U.S.A., INC.

     Defendants.
_____/

### SUMMONS IN A CIVIL CASE

**TO:**              INTERBOND CORPORATION OF AMERICA d/b/a
BRANDSMART U.S.A., Inc. through its Registered Agent:

TAMATHA, ALVAREZ
1655 N. Commerce Parkway
Suite 102
Weston, FL 33326

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE
REMER & GEORGES-PIERRE, PLLC
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

          2/14/2022

_____
CLERK                                      DATE

_____
(BY) DEPUTY CLERK



1

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

Case No.  2022-002541-CA-01

STEVE LAPSES,

     Plaintiff,

v.

INTERBOND CORPORATION OF AMERICA,
INC., d/b/a BRANDSMART U.S.A.,

     Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Interbond Corporation of America, Inc. d/b/a BrandsMart U.S.A.

("BrandsMart"), by and through undersigned counsel, hereby answers the Complaint filed by

Plaintiff Steve Lapses ("Plaintiff" or "Mr. Lapses") stating as follows:

## GENERAL ALLEGATIONS

1.     Paragraph 1 calls for a legal conclusion and/or contains statements of law to

which no response is required.  To the extent a response is required, BrandsMart denies that

Plaintiff has stated a claim for relief under the Florida Civil Rights Act ("FCRA"), the Florida

Whistleblower's Act ("FWA"), or Title I of the Americans with Disabilities Act, 42 U.S.C. §

12112  ("ADA") and denies that Plaintiff is entitled to any relief whatsoever, including monetary

damages and attorneys' fees and costs.

2.     Paragraph 2 calls for a legal conclusion and/or contains statements of law to

which no response is required.  To the extent a response is required, BrandsMart admits that it is

authorized to conduct business in Miami-Dade County, Florida.

3.      Paragraph 3 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, admitted.

4.      Paragraph 4 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, BrandsMart admits that venue in this Court is proper; however, BrandsMart denies that it committed any "violations" which paragraph 4 does not identify.

5.      BrandsMart admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or around May 12, 2020.  Further responding, BrandsMart states that on September 24, 2020, the EEOC issued a Dismissal and Notice of Rights, finding that its investigation was unable to conclude that the information obtained established violations of the statutes.  A copy of the Dismissal and Notice of Rights is attached hereto as **Exhibit A**.

6.      Paragraph 6 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.      Based on information and belief, admitted, but BrandsMart notes that Mr. Lapses' race, gender and citizenship are irrelevant to the claims he is making in this lawsuit.

8.      Denied.  BrandsMart states that Mr. Lapses was hired on November 2, 2009.

9.      BrandsMart denies that Plaintiff worked as a "Sales Representative," as this is not the title that BrandsMart gives its employees who work in sales.  The sales employees in BrandsMart stores are called "Products Specialists," which is the position Mr. Lapses held when he was employed by BrandsMart.  BrandsMart admits that this position involved interacting with customers who were interested in purchasing products sold by BrandsMart.

10.     Paragraph 10 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

11.     BrandsMart lacks knowledge or information sufficient to form a belief as to the truth or falsity concerning the allegations as to Plaintiff's teeth.  BrandsMart admits that managers told Mr. Lapses to stop chewing gum while he was working on the sales floor, but denies that this was an attempt to embarrass or humiliate Mr. Lapses.  BrandsMart prohibits all employees from chewing gum on the sales floor. This rule is applied evenly to all employees and Mr. Laspes was aware of the rule. When managers saw Mr. Lapses violating this rule, they told him to stop.  BrandsMart's enforcement of this rule bears no connection to Mr. Laspes' age. BrandsMart denies that it "publicly berate[d]" Mr. Lapses.

12.     BrandsMart lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12, and, therefore, denies the same.

13.     Admitted.  BrandsMart notes that the relevant period included the earliest months of the COVID-19 pandemic.

14.     Denied.  During the relevant time period set forth in the Complaint, BrandsMart followed CDC guidance and supplied blue masks free of charge to all employees, and employees were able to get a new mask each day.  Employees were permitted to wear other face coverings. Some employees elected to obtain their own KN95 or other face coverings.  BrandsMart did not issue KN95 or N95 masks to any employees.  At the time (April and May 2020), N95 masks were scarce, and were being allocated to first responders, and KN95 masks were limited.

15.     Paragraph 15 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

16.     BrandsMart admits that there was a meeting on May 2, 2020 at 9:00 a.m. to discuss sales priorities and other key administrative issues before the store was scheduled to open at 9:30 a.m. BrandsMart admits that Mr. Lapses interrupted this meeting to complain about the masks provided by BrandsMart to its employees.

17.     Denied. Mr. Lapses belief about BrandsMart's masking policies and practices was incorrect, and no "corrective action" was needed because, at all relevant times, BrandsMart followed applicable CDC guidance. Further responding, BrandsMart states that it supplies hand sanitizer available at all stores, and that it did so at the time Mr. Lapses voiced his complaints.

18.     Denied. After Mr. Lapses voiced his complaints during the May 2, 2020 meeting, his manager explained why N95 masks were not being provided to all employees (based upon CDC guidance, scarce N95 masks were to be allocated to first responders) and stated that if Mr. Lapses was concerned about his safety, he could go home without repercussion. This was BrandsMart's policy for all employees concerns about COVID-19. Mr. Lapses chose to leave the store that day; he was not "forced to go home[.]"

19.     Denied. BrandsMart did not terminate Mr. Lapses' employment. On May 3, 2020, Mr. Lapses left the store and never returned, effectively abandoning his job.

20.     Paragraph 20 calls for a legal conclusion and/or contains statements of law to which no response is required. To the extent a response is required, BrandsMart lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20, and, therefore, denies the same.

## COUNT I
### Age Discrimination in Violation of the FCRA against INTERBOND CORPORATION OF AMERICA d/b/a BRANDSMART U.S.A., INC.

21.     BrandsMart incorporates its responses to paragraphs 1 – 20, as if fully set forth herein.

22.     Paragraph 22 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.  BrandsMart further notes that the Complaint never identifies Mr. Lapses' age or date of birth.

23.     Paragraph 23 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, BrandsMart denies that it discriminated against Plaintiff and further states that the Complaint does not adequately describe any "age-based" animosity.

24.     BrandsMart denies that it discriminated against Plaintiff, including on the basis of his age, which is not set forth in the Complaint.

25.     Paragraph 25 calls for a legal conclusion and/or contains statements of law to which no response is required.  Paragraph 25 also refers to "discrimination on the basis of Plaintiff's national origin," but there is no explanation or reference to this elsewhere in the Complaint, or was there any such allegation in the original charge filed with the EEOC .  To the extent a response is required, BrandsMart denies the allegations in paragraph 25.

26.     Paragraph 26 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

27.     Paragraph 27 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

28.     Paragraph 28 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

29.     Paragraph 29 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

30.     Paragraph 30 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

31.     Paragraph 31 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied (including all subparts).  Further responding, BrandsMart states that the Complaint does not state a claim for discrimination based upon age under the FCRA, and states that Mr. Lapses is not entitled to any relief whatsoever.

### COUNT II
***Retaliation in Violation of the FCRA against INTERBOND CORPORATION OF AMERICA d/b/a BRANDSMART U.S.A., INC.***

32.     BrandsMart incorporates its responses to paragraphs 1 – 31, as if fully set forth herein.

33.     Paragraph 33 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.  BrandsMart further notes that nothing in the Complaint or prior EEOC Charge describes any "protected activity" or anything that would otherwise put the employer on notice that Mr. Lapses made any complaint to anyone, including Human Resources, objecting that he was being treated differently because of his age.

34.     Paragraph 34 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

35.     Paragraph 35 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

36.     Paragraph 36 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

37.     Paragraph 37 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.  BrandsMart further notes that Count II is brought under Florida law, so the references to federal law and remedies are irrelevant.

38.     Paragraph 38 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied (including all subparts).  Further responding, BrandsMart states that the Complaint does not state a claim for retaliation based upon age under the FCRA, and states that Mr. Lapses is not entitled to any relief whatsoever.

### COUNT III
### *Retaliation under FWA against INTERBOND CORPORATION OF AMERICA d/b/a BRANDSMART U.S.A., INC.*

39.     BrandsMart incorporates its responses to paragraphs 1 – 38, as if fully set forth herein.

40.     Paragraph 40 calls for a legal conclusion and/or contains statements of law to which no response is required.  BrandsMart states that the FWA speaks for itself, and denies any characterization thereof.

41.     Paragraph 41 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.  BrandsMart did not terminate Mr. Lapses; he walked out and abandoned his job.

42.     Paragraph 42 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

43.     Paragraph 43 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.  BrandsMart followed applicable CDC guidance and did not engage in any illegal activities. The Complaint fails to identify any federal or state law, rule or regulation that was violated by BrandsMart. BrandsMart did not retaliate against Mr. Lapses, nor did it terminate his employment; Mr. Lapses walked out and abandoned his job.

44.     Paragraph 44 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

45.     Paragraph 45 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.  BrandsMart did not engage in any illegal activity, nor did it terminate Mr. Lapses' employment.

46.     Paragraph 46 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

47.     Paragraph 47 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied (including all subparts).  Further responding, BrandsMart states that the Complaint does not state a claim for retaliation under the FWA, and states that Mr. Lapses is not entitled to any relief whatsoever.

### COUNT IV
***DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA against INTERBOND CORPORATION OF AMERICA d/b/a BRANDSMART U.S.A., INC.***

48.     BrandsMart incorporates its responses to paragraphs 1 – 47, as if fully set forth herein.

49.     Paragraph 49 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied, as the Complaint

does not identify any physical condition that he alleges meets the definition of a "disability" under the ADA. .

50.     Paragraph 50 calls a legal conclusion and/or contains statements of law to which no response is required.  Paragraph 50 is also vague and confusing because it refers to a "work injury," yet no work injury is explained or referenced in the Complaint and this appears to be language from a prior pleading.  To the extent a response is required, denied.  The Complaint does not contain any factual allegations setting forth that BrandsMart discriminated against Mr. Lapses on the basis of his disability, which is also not identified in the Compliant.

51.     Paragraph 51 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

52.     Paragraph 52 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

53.     Paragraph 53 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

54.     Paragraph 54 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

55.     Paragraph 55 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

56.     Paragraph 56 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

57.     Paragraph 57 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

58.     Paragraph 58 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied (including all subparts).  Further responding, BrandsMart states that the Complaint does not state a claim for discrimination under the ADA, and states that Mr. Lapses is not entitled to any relief whatsoever.

### COUNT V
### *RETALIATION IN VIOLATION OF THE ADA against INTERBOND CORPORATION OF AMERICA d/b/a BRANDSMART U.S.A., INC.*

59.     BrandsMart incorporates its responses to paragraphs 1 – 58, as if fully set forth herein.

60.     Paragraph 60 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied, as the Complaint does not identify any alleged  "disability" as that term is defined under the ADA.

61.     Paragraph 61 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied. The Complaint does not contain any factual allegations setting forth that Mr. Lapses engaged in any protected activity under the ADA.  Nothing in the Complaint or the EEOC Charge states facts indicating that  Mr. Lapses put his supervisors on notice that his complaints were based upon a disability.  The Complaint also fails to contain factual allegations that BrandsMart retaliated against Mr. Lapses on the basis of his disability, which is also not identified in the Compliant.

62.     Paragraph 62 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

63.     Paragraph 63 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

10

64.     Paragraph 64 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

65.     Paragraph 65 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied (including all subparts).  Further responding, BrandsMart states that the Complaint does not state a claim for retaliation under the ADA, and states that Mr. Lapses is not entitled to any relief whatsoever.  Mr. Lapses has also not described conduct that would warrant punitive damages.

<u>**COUNT VI**</u>
*AGE DISCRIMINATION IN VIOLATION OF THE ADEA against INTERBOND CORPORATION OF AMERICA d/b/a BRANDSMART U.S.A., INC.*

66.     BrandsMart incorporates its responses to paragraphs 1 – 65 as if fully set forth herein.

67.     Paragraph 67 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.  BrandsMart notes that the Complaint does not identify Mr. Lapses' age.

68.     Paragraph 68 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied. The Complaint does not contain any factual allegations setting forth that BrandsMart discriminated against Mr. Lapses on the basis of his age.

69.     Paragraph 69 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

70.     Paragraph 70 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

71.     Paragraph 71 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

72.     Paragraph 72 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied (including all subparts).  Further responding, BrandsMart states that the Complaint does not state a claim for discrimination under the ADEA, and states that Mr. Lapses is not entitled to any relief whatsoever.  Mr. Lapses has also not described conduct that would warrant punitive damages.

**COUNT VII**
***RETALIATION IN VIOLATION OF THE ADEA against INTERBOND CORPORATION OF AMERICA d/b/a BRANDSMART U.S.A., INC.***

73.     BrandsMart incorporates its responses to paragraphs 1 – 72 as if fully set forth herein.

74.     Paragraph 74 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.  BrandsMart notes that the Complaint does not identify Mr. Lapses' age.

75.     Paragraph 75 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied. The Complaint does not contain any factual allegations setting forth that BrandsMart discriminated against Mr. Lapses on the basis of his age.

76.     Paragraph 76 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

77.     Paragraph 77 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

12

78.     Paragraph 78 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied.

79.     Paragraph 79 calls for a legal conclusion and/or contains statements of law to which no response is required.  To the extent a response is required, denied (including all subparts).  Further responding, BrandsMart states that the Complaint does not state a claim for retaliation under the ADEA, and states that Mr. Lapses is not entitled to any relief whatsoever. Mr. Lapses has also not described conduct that would warrant punitive damages.

80.     Paragraph 80 consists of Plaintiff's jury demand, to which no response is required.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim for relief because he did not engage in any protected activity under the FCRA, FWA, ADA or ADEA.  At all relevant times, BrandsMart complied with CDC guidance, and Plaintiff did not have a good faith basis for his complaints regarding provision of masks and hand sanitizer.

2.     Plaintiff has failed to state a claim for any relief because he voluntarily abandoned his job, and his employment was not terminated by BrandsMart.

3.     Plaintiff has failed to state a claim for relief because he did not suffer any adverse employment action.

4.     Plaintiff has failed to state a claim for relief because the Complaint does not identify his age, nor does it contain any factual allegations of discrimination or retaliation on that basis.

5.     Plaintiff has failed to state a claim for relief because the Complaint does not identify his disability, nor does it contain any factual allegations of discrimination or retaliation

13

on that basis.

6.      Some of Plaintiff's allegations are so vague or ambiguous that Defendants cannot reasonably determine the allegations against them.  As such, Defendant is not able to adequately prepare a defense to the allegations in the Complaint.

7.      Plaintiff knows, or has reason to know, that some or all of his allegations are without any basis in fact or law.

8.      Plaintiff's claims under the ADA are untimely and this court lacks jurisdiction over them because they were not filed within 90 days of receipt of the EEOC Notice of right to sue.

9.      Because Plaintiff's Complaint is couched in broad and conclusory terms, BrandsMart cannot fully anticipate all defenses that may be applicable to the instant action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

**WHEREFORE**, BrandsMart requests that the Court dismiss the Amended Complaint with prejudice, in its entirety, and award BrandsMart its costs, attorneys' fees, and such other relief as the Court may deem appropriate.

*/s/ Steven M. Dickstein*
Steven M. Dickstein
Florida Bar No. 1010439
SAUL EWING ARNSTEIN & LEHR LLP
701 Brickell Avenue, 17th Floor
Miami, Florida 33131
telephone:  (305) 428-4500
email:  steven.dickstein@saul.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 5, 2022 I electronically filed the foregoing document with the Clerk of Court using the Florida Courts E-Filing Portal ("Portal"). I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the Portal or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Steven M. Dickstein*
Steven M. Dickstein
Florida Bar No. 1010439
SAUL EWING ARNSTEIN & LEHR LLP
701 Brickell Avenue, 17th Floor
Miami, Florida 33131
telephone:  (305) 428-4500
email:  steven.dickstein@saul.com

## <u>SERVICE LIST</u>

Anthony M. Georges-Pierre, Esq.
agp@rgpattorneys.com
Max L. Horowitz, Esq.
mhorowitz@rgpattorneys.com
Jorge L. Costa, Esq.
jcosta@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130

# <u>EXHIBIT A</u>

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Steven Laspes<br>10950 N.W. 14th Avenue<br>Miami, FL 33167 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2020-03841 | Latoya Allen,<br>Investigator | (786) 648-5838 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

On behalf of the Commission

Twanya Westmoreland

BRADLEY A. ANDERSON,
**Acting District Director**

September 24, 2020

*(Date Mailed)*

Enclosures(s)

cc:    **Respondent's Legal Representative**

     **INTERBOND CORPORATION OF AMERICA, INC. d/b/a**
     **BRANDSMART USA**
     c/o Robert Duston, Esq.
     SAUL EWING ATNSTEIN & LEHR LLP
     1919 Pennsylvania Avenue, N.W., Ste. 550
     Washington DC 20006

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**     --     **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS     --     Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION     --     Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE     --     All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within
**90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*